IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW TOMLINSON, PRO SE, <br> AKA MATTHEW WAYNE TOMLINSON, <br> TDCJ-CID #1143994, <br> Previous TDCJ-CID #484407, <br><br>        Plaintiff, <br><br> V. <br><br> MAILROOM, <br> NFN JOWERS, <br> MARY LOPEZ, Nurse, <br> NFN NMI ORR, Dr., and <br> M. JONES, Dr. <br><br>        Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:04-CV-0218 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MATTHEW TOMLINSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

By his November 10, 2004, Amended Complaint, plaintiff claims that defendants JONES, ORR, and LOPEZ conspired to subject him to unwanted psychiatric treatment, or "naked therapy," after it was discovered he had cut his wrist and refused to discuss it.

Plaintiff also claims defendants the MAILROOM and JOWERS denied him correspondence from this Court on or about August 23, 2004.

By his Amended Complaint, plaintiff requests injunctive relief in the form of an order forbidding that he be subjected to "Crisis Management" or "Naked Therapy" or any other psychiatric or medical care without his consent; that defendant JOWERS be ordered to give plaintiff the August 23, 2004 correspondence from this Court; and that all defendants be ordered to cease and desist from all violations of his civil rights. Plaintiff further requests an award of his costs and that his claims be referred to the Justice Department.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

In the October 18, 2004 Order granting plaintiff's motion to amend, the Court ordered plaintiff to attach all relevant grievances to his amended complaint.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

In his November 10, 2004 Amended Complaint, plaintiff responded to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure by checking the box indicating he had not done so. Plaintiff argued he could not use the prison grievance procedure because he felt no remedy was appropriate other than disciplinary action or legal action[3], which are not available through the grievance system.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Moreover, the fact that the precise remedy an inmate may want is not available through the grievance mechanism does not exempt his claims from the exhaustion requirement. "[A]n inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Therefore, the fact that plaintiff could not obtain disciplinary action against the defendants through the grievance mechanism does not excuse him from the requirement that he first exhaust administrative remedies before filing suit in federal court.

In addition, plaintiff has not submitted any grievance concerning his claims against defendant JOWERS and the MAILROOM and it appears he has not exhausted administrative remedies concerning this claim either.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[3] See page 3-A attached to plaintiff's Amended Complaint and the accompanying TDCJ "Instructions on How to Write and Submit Grievances."

## CONCLUSION

The claims asserted in this cause are barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions. Further, because they presently lack an arguable basis in law, they are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  3rd  day of June, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE